# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. ANDERSON | ) Case No. |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT** |
| | ) |
| CAVALRY PORTFOLIO SERVICES, LLC, AND GORDON & WEINBERG, P.C. | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## SUMMARY OF CASE

1.  Defendants, by injecting false, misleading, and fraudulent affidavits into legal proceedings throughout the Commonwealth of Pennsylvania in the attempted collection of debts, engaged in a concerted practice of fraudulent, misleading and unlawful debt collection and litigation activity against Plaintiff and many others like him.  Defendants' collective conduct and illegal enterprise as described herein as will be proven at trial is a complete affront to the legal system, as well as the thousands of individuals who suffered adverse consequences as a result of Defendants' collective fraudulent conduct. Plaintiff brings this action against Defendants according to and to remedy Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## **PARTIES AND JURISDICTION**

2. Plaintiff James M. Anderson is a resident and citizen of Allegheny County, Pennsylvania.

3. Defendant Cavalry Portfolio Services, LLC (hereafter "CPS") is a foreign limited liability company existing pursuant to the laws of the State of Delaware. CPS is engaged in the business of debt collection. CPS is a "debt collector" as defined by the FDCPA. CPS' principal place of business is 7 Skyline Drive, Hawthorne, NY 10532.

4. Defendant Gordon & Weinberg, P.C. (hereafter "G&W") is a Pennsylvania professional corporation engaged in the business of debt collection as well as the practice of law in the Commonwealth of Pennsylvania and is a "debt collector" as defined under the FDCPA. G&W's principal place of business is 1001 E. Hector Street, Suite 220, Conshohocken, Pennsylvania. G&W regularly files lawsuits against Pennsylvania residents in Pennsylvania courts as part of its debt collection activities and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Jurisdiction over Plaintiff's claims is proper in this Court pursuant to FDCPA, 15 U.S.C. § 1692k(d); and 28 U.S.C. § 1337.

6. Personal jurisdiction is proper as to all Defendants, each of whom has conducted debt collection and/or litigation activities in the Commonwealth of Pennsylvania and availed themselves of the Pennsylvania court system in their capacity as a debt collector and/or law firm, and committed unlawful conduct toward Plaintiff, a Pennsylvania resident and citizen.  Personal jurisdiction is proper over all Defendants because each of them conducts or has conducted business in Pennsylvania.

7. Venue is proper in this District because Plaintiff lives in this District, the pertinent facts as to Plaintiff's claim occurred in this District and Defendants all transact business within this District.

## FACTS

### The Cavalry Fictitous Affidavit Factory

8. Cavalry SPV I, LLC (hereafter "Cavalry SPV") was founded in 2002, and is headquartered in Hawthorne, New York.  Cavalry SPV is a purchaser of consumer receivable portfolios.  Portfolios bought by Cavalry SPV are serviced by CPS, an affiliate of Cavalry SPV.

9. On May 27, 2010, CPS through the G&W law firm, sued Mr. Anderson on an alleged credit card debt . (*Cavalry Portfolio Services, LLC v.*

*James M. Anderson,* Case No. AR-10-004317, in the Court of Common Pleas of Allegheny County) (hereafter the "Anderson state court case").

10.    The complaint included, and relied upon, an affidavit allegedly provided by Kristina D. Pagni (hereafter "the Pagni Affidavit" attached hereto as **Exhibit "A"**). Kristina D. Pagni, according to the affidavit, purported to be the "agent" of CPS. Upon information and belief, Ms Pagni is employed by CPS.

11.    The Pagni Affidavit represented that Pagni had "personal knowledge of the facts and circumstances in connection with [the Anderson state court case]".

12.    Upon information and belief, this statement is **<u>false</u>**.

13.    The affidavit was purportedly signed and executed by "Kristina D. Pagni" and notarized by Walter E. Sams.

14.    Upon information and belief, at the time Pagni executed the affidavit attached to this complaint as Exhibit A, she was in the process of executing hundreds of similar affidavits.

15.    Upon information and belief, Pagni did not appear before Sams, swear to the truth of the statements in the affidavit, or sign it in his presence.

16. Upon information and belief Defendant Sams notarized the Pagni affidavit despite knowing that Pagni did not swear on oath to the truth of the content of the affidavit.

17. Hundreds (or more) of these false and misleading affidavits were concocted by employees of CPS and transmitted to G&W and other law firms who relied on the affidavit to file suit against Pennsylvania residents.

18. Defendant Sams routinely placed his notary stamp or seal on the false and misleading affidavits even though the affiant did not have personal knowledge of the facts and circumstances of the case.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Asserted on Behalf of Plaintiff Against CPS and G&W)

19. Plaintiff repeats and re-alleges all the Paragraphs above as if they were restated here *verbatim*.

20. CPS and G&W are each "debt collectors" as defined by the Fair Debt Collection Practices Act.

21. CPS and G&W violated § 1692e(10) of the Fair Debt Collection Practices Act by: filing affidavits which contained false, misleading and/or fraudulent representations in an attempt to collect a debt.

22. Plaintiff suffered and continues to suffer damages, including emotional distress damages, as a result of Defendants' violations of the Fair Debt Collection Practices Act.

23. Plaintiff is entitled to recover all compensatory and actual damages, as well as statutory damages, costs and attorney's fees as provided by the Fair Debt Collection Practices Act.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, respectfully requests that judgment be entered against Defendants for all the damages to which he is entitled under Federal Law as follows:

a. Compensatory damages in an amount to be determined by trier of fact.

b. Statutory damages as determined by the trier of fact.

c. Costs and reasonable attorney's fees.

e. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff continues his demand for a trial by jury of all the issues in this action.

DATED: May 18, 2011

                                        Respectfully Submitted,

                                        JEFFREY L. SUHER, P.C.

                                        /s/ Jeffrey L. Suher
                                        Jeffrey L. Suher, Esquire
                                        Pa. I.D. # 74924
                                        4328 Old Wm Penn Hwy., Ste. 2J
                                        Monroeville, PA 15146
                                        (412) 374-9005
                                        (412) 374-0799 (fax)
                                        lawfirm@jeffcanhelp.com